Elijah B. Smith et al., Appellants, *v.* John T. Rathbun et al. Respondents.

The General Term of the Supreme Court, on affirmance of an order overruling a demurrer to the complaint in an action, has the same power before possessed by the Special Term (Code of Civil Procedure, § 1021), to designate what kind of an interlocutory judgment and final judgment shall be entered.

If either party is dissatisfied with its order in this respect, his remedy is not by appeal therefrom, but by appeal from the final judgment when rendered.

The form in which the court below shall express its opinion is a matter to be settled by it, and is not reviewable here.

(Argued March 14, 1882 ; decided March 24, 1882.)

The amended complaint herein alleges that this action was originally commenced by Elijah B. Smith, sole plaintiff, and that the First National Bank of Elmira has since been adjudged by the court to be a necessary party and has been ordered and allowed by an order of the court to be joined with Smith as plaintiff, and is, in pursuance of such order and by the amended complaint, so added as a party plaintiff. The complaint further alleges that the First National Bank of Elmira was a banking corporation doing business in the city of Elmira under the Federal Banking Act; that the capital stock of the bank consisted of one thousand shares of the par value of $100 each; that Smith, at the time of the organization of the bank, owned and still owns fifty of the shares, the remainder being owned by divers other persons; that from the time of the first organization of the bank until October, 1867, Samuel R. Van Campen was its president, Simeon Benjamin, its vice-president and a director, and John T. Rathbun also one of the directors thereof; that until the month of October, 1867, the business of the bank was profitable and the shares of stock were of the market value of $150 each; that in and prior to 1867, Van Campen, in violation of his duty as president of the bank, and contrary to law, loaned from the funds of the bank to divers individuals and firms, and to insolvent persons, without sufficient security, large sums of money, exceeding at times to each of such persons and firms one-tenth of the capital stock of the bank, whereby the bank sustained great loss and was greatly injured; that Van Campen borrowed or took from the funds of the bank for his own private use, and appropriated to his own use, large sums of money, varying from $1,000 to $75,000 at a time, much of which was never returned or repaid to the bank; that Van Campen, as Benjamin and Rathbun at the time well knew, was insolvent and unable to pay his debts; that he, as such president, made untrue reports of the condition and resources of the bank, representing worthless securities, transferred by himself to the bank, to be valuable and so reported the same; that Van Campen, as such president, was guilty of other acts of misconduct, of all of which each of the plaintiffs and all the other stockholders, except the defendants in this action, were ignorant, and that by reason of the

said acts of the said Van Campen so mentioned, the bank sustained great loss and the shares of stock became of little or no value. The complaint further alleged that in and prior to 1867, Benjamin and Rathbun, while such officers of the bank, were informed and knew of the wrongful acts of Van Campen when or about the time they were done, and that he had thus violated and was thus violating his duty as president of the bank, and that they might have prevented the same; that they negligently permitted and allowed him to do such acts and aided and countenanced and assisted him in doing them and concealed the facts from the plaintiff Smith and other stockholders, and allowed, permitted and assisted Van Campen to so draw and loan, use and waste the funds and property of the bank, and to remain and act as president thereof and thus defraud and injure the bank and its stockholders whereby the bank sustained damages amounting to $135,000, including the damage sustained by Smith of $6,888.44; that on or about the 1st day of September, 1868, Benjamin died, leaving a will in which defendants Rathbun and Newton P. Fassett were appointed executors, and they have qualified as such and taken letters testamentary. The prayer for relief is as follows: "Wherefore the plaintiffs demand that the said John T. Rathbun and Newton P. Fassett, as such executors of the last will and testament of Simeon Benjamin, deceased, and John T. Rathbun individually, be adjudged and required to pay to the plaintiffs the damages which they have sustained as aforesaid, amounting to $135,000, together with the interest thereon from July 27, 1867, or so much thereof as the damages of the several shareholders shown to be entitled thereto, and who may come in and contribute to the expenses of the action, and claim such damages, shall amount to, together with the costs of this action, and that the plaintiff may have such further or such other relief in the premises as shall be just and equitable." The defendants demurred to the complaint upon many grounds, and the issue of law arising upon the demurrer was brought to trial at a Special Term in March, 1879, when the following order was made: "Ordered, that the said demurrer be and the same is hereby overruled with costs, with leave to the defendants to answer the complaint within twenty

days after service of notice of the entry of judgment on payment of plaintiffs' costs and disbursements, and that interlocutory judgment be entered accordingly; and that, if the defendants fail to pay the plaintiffs' costs and disbursements and answer the complaint within the time aforesaid, the plaintiffs may have final judgment upon the demurrer with costs; and, the entry thereof is hereby directed, with judgment for the relief prayed for in the complaint." In pursuance of such order the following judgment was entered: "It is hereby adjudged that the said demurrers be and the same are hereby overruled with costs to the plaintiffs, amounting to $69.18; and it is further adjudged that the defendants have twenty days from the service of a notice of the entry of judgment to answer plaintiffs' complaint on payment of said costs, and in case of the failure of the defendants to answer said complaint and pay said costs within said twenty days, then judgment final and absolute is ordered in favor of plaintiffs and against defendants for the relief prayed for in the complaint." From that judgment the defendants appealed to the General Term, where the judgment was affirmed and the memorandum of the decision was handed down, as follows: "Judgment affirmed, with costs, with leave to withdraw demurrer and answer over, on payment of costs in twenty days." Thereafter the plaintiffs' attorney caused an interlocutory judgment to be entered upon such decision, as follows: "It is adjudged that the said interlocutory judgment appealed from be, and the same is, hereby affirmed, with $90.50, costs of the said appeal, and that the defendants have leave to withdraw their demurrer and answer over within twenty days, on payment of the plaintiffs' said costs, amounting to the sum of $159.68, and that on failure of the defendants to withdraw their demurrer, answer over and pay the said costs within that time, final judgment may be taken against them, with costs." Thereafter the attorneys for the defendants gave notice of a motion for an order vacating and setting aside the interlocutory judgment, on the ground that the same was unauthorized by the decision of the General Term, and for such other or further relief as to the court might seem just. Plaintiffs' attorneys served notice of motion to be made at the same Special Term, for final judgment in the

action for the relief demanded in the complaint. Both motions came on to be heard at the same time; defendants' motion was denied, and plaintiffs' was granted, and upon plaintiffs' motion the following order was entered : " Ordered, that the plaintiffs are entitled to judgment; and that it be and is hereby referred to Guy H. McMaster, of Bath, New York, to assess, ascertain, determine and report the amount of the damages by reason of the charge made by the allegations of the complaint against the defendants. And that the judgment be thereupon entered, and that such judgment direct the payment thereof to the said First National Bank of Elmira, one of the plaintiffs in this action. That the·damages be assessed under the prayer for relief in the complaint, which prayer is in the words following, ·to-wit : " Wherefore the plaintiffs demand that the said John T. Rathbun and Newton P. Fassett, as such executors of the last will and testament of Simeon Benjamin, deceased, and John T. Rathbun individually, be adjudged and required to pay to the plaintiffs the damages which they have· sustained as aforesaid, amounting to $135,000, together with interest thereon from July 27, 1867."

The defendants then appealed from both orders made to the General Term, where both were reversed and the motion of defendants to vacate the interlocutory judgment was granted ; the following order was entered by defendants' attorneys : " Ordered, that upon the decision of the General Term overruling the defendants' demurrer to the plaintiffs' complaint, an interlocutory judgment be entered which shall direct that on failure of the defendants to withdraw their demurrer, answer over and pay costs required to be paid by the decision of the General Term upon the demurrer within the time allowed by such decision, then final judgment may be taken against defendants, with costs, giving to plaintiff Smith his share of the loss in proportion to the stock he owned at the time ; and to the other shareholders shown to be entitled thereto and who may come in and contribute to the expenses of the action and claim such damages, their respective shares of the loss in proportion to the stock owned by them respectively ; and providing that such recoveries shall bind the plaint-

iff, The First National Bank of Elmira, *pro tanto*, in case it shall bring an action for its damages."

From such order this appeal was brought.

The court say : " The order thus entered was in precise accordance with the prevailing opinion pronounced at the General Term. It is thus seen what the controversy between these parties in reference to the orders and judgments to be entered is. The plaintiffs claim that they should have a judgment awarding to the bank the entire damages from the wrongful acts complained of, substantially ignoring Smith as a party plaintiff. The defendants claim that the judgment should provide for awarding damages to the plaintiff Smith, and to such other stockholders as may come in and make themselves parties to the litigation, substantially ignoring any claim of the bank to damages in this action. The claim of the defendants' counsel seems to have been sustained at the General Term.

Section 1021 of the Code of Civil Procedure provides that the decision of the court upon the trial of a demurrer must direct the final or interlocutory judgment to be entered thereupon, and that where it directs an interlocutory judgment with leave to the party in fault to plead anew or amend, it may also direct the final judgment to be entered if the party in fault fails to comply with any of the terms imposed: And section 1222 provides that final judgment, upon an issue of law where no issue of fact remains to be tried, and final judgment has not been directed as provided in section 1021, may be entered upon application to the court or by the clerk in an action specified in section 420.

It is seen by an examination of the complaint in this action that the relief prayed for is not definite or certain, and that the case is not one in which the plaintiffs could, without application to the court, enter judgment upon default under section 1213 of the Code. The case is one in which upon default application would have to be made under sections 1214, 1215 of the Code for judgment. Upon such application it would be the duty of the court to determine the precise relief to which the plaintiffs would be entitled. Here when the Special Term overruled the demurrer, it properly ordered judgment for the

plaintiffs. Under such an order, however, the plaintiffs could have judgment only for such relief as the facts alleged in the complaint entitled them to, and when final judgment came to be entered, it was the duty of the court to specify what such relief should be. It was for the court to give such relief as it determined the plaintiffs were entitled to have, and if either party was dissatisfied with the measure of relief or kind of relief, the remedy was by appeal to the General Term, not by motion to compel the entry of an order or judgment which it had not given.

Upon the appeal to the General Term the interlocutory judgment was affirmed, as evidenced by the brief memorandum before set out. The plaintiffs' attorneys then assumed to enter upon such decision of the General Term another interlocutory judgment. Whether that interlocutory judgment really embodied its decision was for it to determine. When the case was before it it had the same power before possessed by the Special Term to designate what kind of an interlocutory judgment and final judgment should be entered, and what kind and measure of relief should be granted to the plaintiffs upon the facts alleged in the complaint. That power it exercised when it made the orders appealed from to this court. If the plaintiffs were dissatisfied with such orders they should have waited until final judgment in accordance with the General Term's decision was entered, and appealed from that to this court.

The Supreme Court, whether acting at the Special or General Term, was the same court and had the power to give such judgment upon the demurrer as it determined the plaintiffs were entitled to upon the allegations contained in their complaint. The plaintiffs cannot compel that court to express its decision in the precise form they desire, or to enter such judgment as they think they are entitled to. It may enter a judgment in accordance with its views of the law, and if either party is dissatisfied the remedy is by appeal from the final judgment when entered, when the whole merits of the controversy between the parties can be brought under the review of this court. This is, therefore, a mere controversy as to the form in which the Supreme Court shall express its decision; that is a controversy to be settled by that court and is not appealable to this court.

(*Buckingham* v. *Dickinson,* 54 N. Y. 682; *Union Trust Co.* v. *Whiton,* 78 id. 491.)

It follows from these views that the appeal should be dismissed, with costs."

*George B. Bradley* for appellants.

*H. Boardman Smith* for respondents.

EARL, J., reads for dismissal of appeal.

All concur, except DANFORTH, J., who takes no part, and TRACY, J., absent.

Appeal dismissed.