THE UNITED STATES LIFE INSURANCE COMPANY, in the City of New York, Respondent, *v.* MARY A. JORDAN, Appellant, Impleaded, etc.

*Demurrer — a decision overruling it should direct with definiteness the terms of the judgment to be entered — Code of Civil Procedure, sec. 1021.*

On March 10, 1887, an order was entered in this action directing that a demurrer, interposed by the defendant Jordan, "be and the same hereby is overruled, and that plaintiff *have judgment* thereon, with costs, but with leave to the said defendant Mary A. Jordan to answer within twenty days on payment of costs, the said costs to be adjusted by the clerk of this court; and that, thereupon, *an interlocutory* judgment be entered herein, in accordance with the terms of this order, as aforesaid." On March 12, 1887, an interlocutory judgment was entered, without notice, whereby, after reciting the previous proceedings, the entry of the order of March 10, 1887, and the adjustment of the costs by the clerk, it was adjudged that the demurrer be overruled, and that unless the defendant Jordan pay the

costs and answer within twenty days the plaintiff should have final judgment against her as prayed for in the complaint, with costs.

Upon an appeal from an order denying a motion made by the defendant Jordan to vacate and set aside the interlocutory judgment, upon the ground that it did not conform to the order of March tenth:

*Held,* that the order should be reversed.

That, as section 1021 of the Code of Civil Procedure provides that the decision of the court upon the trial of a demurrer must direct *the final* or *interlocutory* judgment to be entered thereupon, the order of March tenth was defective, in that it did not fix the term of the interlocutory judgment to be entered with definiteness, or the final judgment to be entered, if the party in default failed to comply with any of the terms imposed.

*Smith* v. *Rathbun* (88 N. Y., 660) followed.

That, as the order did not direct the interlocutory or final judgment to be entered, and as the plaintiff would not, upon the default of the defendant, necessarily be entitled to the relief prayed for in the complaint, but could have judgment only for such relief as the facts alleged in the complaint entitled it to, the interlocutory judgment granting it that relief should be vacated and set aside.

Appeal from an interlocutory judgment claimed to have been entered in pursuance of an order overruling a demurrer to the complaint, and also an appeal from an order of the Special Term, which denied with costs a motion to vacate and set aside the interlocutory judgment.

*Wellesley W. Gage,* for the appellant.

*Flamen B. Candler,* for the respondent.

Van Brunt, P. J.:

The defendant, Jordan, demurred to the complaint in this action, and such demurrer was overruled and an order entered on the 10th day of March, 1887, which, after reciting the interposition of demurrer and the trial thereof, read as follows:

"It is ordered that said demurrer be and the same hereby is overruled, and that plaintiff have judgment thereon with costs, but with leave to the said defendant, Mary A. Jordan, to answer within twenty days on payment of costs, the said costs to be adjusted by the clerk of this court; and that thereupon an interlocutory judgment be entered herein, in accordance with the terms of this order as aforesaid."

On the 12th day of March, 1887, an interlocutory judgment was entered without notice, whereby after reciting the previous

proceedings, the entry of the order of March 10, 1887, (which it is. said directed the entry of the interlocutory judgment) and the adjustment of the costs by the clerk, it was adjudged that the demurrer· be overruled, and that unless the defendant, Mary A. Jordan, pay the costs and answer within twenty days, the plaintiff should have final judgment against her as prayed for in the complaint, with costs.

A motion was thereupon made to vacate and set aside the said. interlocutory judgment, upon the grounds that the same did not. conform to the order of March 10, 1887, in that the interlocutory judgment directs what final judgment should be recovered, whereas. the said order did not so direct; that the judgment-roll did not contain any record or recitation of record as provided in sections 1222. and 1223 of the Code of Civil Procedure; that final judgment was. not directed as prescribed in section 1021 of the Code, and that the action was not one specified in section 420 of the Code. This. motion being denied, an appeal was taken from the order denying· the motion and also from the interlocutory judgment.

The case of *Smith* v. *Rathbun* (88 N. Y., 660) seems clearly to· decide that the practice pursued by the plaintiff was irregular. In that case it is said that section 1021 of the Code of Civil Procedure· provides that the decision of the court upon the trial of a demurrer *must* direct the final or interlocutory judgment to be entered thereupon, and that where it directs an interlocutory judgment with. leave to the party in fault to plead anew or amend, it may also· direct the final judgment to be entered if the party in fault fails to· comply with any of the terms imposed, and that section 1222 provides that final judgment upon an issue of law where no issue of fact remains to be tried and final judgment has not been directed, as provided for in section 1021, may be entered upon application to· the court or by the clerk in an action specified in section 420. It is thus seen that the decision of the court must direct not that an interlocutory judgment be entered, but *the* interlocutory judg; ment to be entered, that it must fix its terms with definiteness.

In the case at bar, by the order embodying the decree, no such· direction was given. By that order it was simply ordered that the· demurrer be overruled and the plaintiff have judgment thereon, with costs, and that upon the taxation of such costs an interlocutory judgment be entered herein, in accordance with the terms of the order·

aforesaid. The order contained no terms aforesaid. The previous provision of the order was that the plaintiff have judgment thereon, with costs; what judgment the plaintiff thereon should have, with costs, is not specified.

The case at bar is undoubtedly one in which, upon default, application would have to be made under sections 1214 and 1215 of the Code for judgment. Upon such application· it would be the duty of the court to determine the . precise relief to which the plaintiff would be entitled, and if the defendant had· appeared, notice of such application must have been given to her and she was entitled to be heard thereon. The plaintiff would not necessarily be entitled to the relief prayed for in the complaint, but it could have judgment only for such relief as the facts alleged in the complaint entitled it to. In the case at bar, however, although the decision of the court upon the demurrer did not direct the interlocutory judgment to be entered and ·did not determine the precise relief to which plaintiff was entitled, an interlocutory judgment has been entered granting the plaintiff final judgment against the defendant Jordan, granting the plaintiff particular relief, viz., the relief prayed for in the complaint, with costs.

This interlocutory judgment, therefore, attempts to fix the precise relief which the plaintiff is to obtain upon default, although the court has at no time determined the precise relief to which the plaintiff is entitled. It is urged upon the part of the respondent that the clerk has power to enter judgment in any case, if directed so to do by the court.

But the court in every case has not legally the power to direct the ·entry of judgment, and unless the provisions of the law which give the court the power to direct the entry of a judgment are complied ¯with, the judgment so entered is irregular and must be set aside upon a proper application made for that purpose. In the case at bar the court had no power to direct the entry of this interlocutory judgment without notice to the defendant. There is no evidence that any notice was given to the defendant, and we may well assume that none was given because the interlocutory judgment shows upon its face that it is entered because of the supposed direction contained in the order of March 10, 1887, that it should be entered, and no exercise of judicial discretion is pretended except such as was

embraced in the order of March tenth, and which order does not by any means direct the entry of the interlocutory judgment in question and nowhere determines that, under any circumstances, the plaintiff is entitled to judgment as prayed for in the complaint.

It may be suggested that upon application for final judgment after failure to comply with terms of interlocutory judgment, notice should be given to defendant and that then the court could determine to what specific relief the facts alleged in the complaint entitled the plaintiff. It is not very difficult to imagine if, upon such application, the defendant should insist that the facts alleged in the plaintiff's complaint did not entitle it to all the relief asked for, with what confidence the plaintiff would call the attention of the court to the fact that by the interlocutory judgment already entered, and which the defendant had not moved to vacate or set aside, that question had been determined.

The rights of the defendant, therefore, are seriously endangered by this irregular judgment and they should be protected from its effects. The motion to set aside the said judgment should have been granted.

The order appealed from should be reversed with ten dollars costs and disbursements and the motion granted with ten dollars costs.

The appeal from the interlocutory judgment should be dismissed, without costs.

DANIELS and BARTLETT, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs; appeal from interlocutory judgment dismissed, without costs.