## SUPREME COURT.

COWLES AND CURTIS, Respondents, agt. COWLES, Appellant.

An order of an inferior court striking out a part of the defendant's answer, *reversed* on appeal from the final judgment of such inferior court.

The defendant, upon showing that one of several plaintiffs is the sole party in interest, may avail himself of a set-off, in all respects as if the action had been brought in the name of such plaintiff alone.

*General Term, Erie Co., June,* 1854.  MARVIN, BOWEN, and GREEN, Justices.   This action was brought by the plaintiffs against the defendant, in March, 1852, in the late recorder's court of the City of Buffalo, upon a promissory note, bearing date October 11, 1850, payable to the plaintiffs on demand. The defendant answered that, soon after the date of the note, and before the first day of August, in the year 1851, the note became the sole property of the said Curtis, and then alleged a set-off against Curtis, accruing to the defendant, after Curtis became the owner of the note, and prior to the commencement of the action, of an amount larger than the sum owing on the note, and claimed judgment against Curtis for the balance. This allegation of set-off was, on motion of the plaintiffs, stricken out from the answer by an order of the recorder's court, with costs of the motion.   The action was afterward brought to trial, and the defendant offered to prove the set-off, as the same was alleged in that part of his answer which had been so stricken out by the court.  To this the plaintiffs objected, on the ground that it was inadmissible under the pleadings as they then stood.  The court sustained the objection, and the defendant excepted.  The plaintiffs had judgment for the amount of the note.  The defendant appealed to this court.

  I. T. WILLIAMS, *for the Appellant,* cited Robinson agt. Bagly.  (1 *Burr,* 316.)

  A. P. NICHOLS, *for the Respondents.*

By the Court—MARVIN, Justice.  By section 329, contained in that part of the Code relating to appeals in general, it is

Cowles and Curtis agt. Cowles.

declared that, " upon an appeal from a judgment, the court may review any intermediate order involving the merits, and necessarily affecting the judgment." If the defendant's answer contained a legitimate defence, of which, he was deprived by the order of the recorder's court, then the order involved the merits, and necessarily affected the judgment; and the decision of the court, striking out a portion of the answer, may be reviewed upon this appeal.

Two questions are raised : First, in an action upon contract by two or more plaintiffs, can one of them have judgment in his favor, the evidence establishing the cause of action in him alone ? Second, if so, can the defendant, upon showing the cause of action to be solely in the one plaintiff, avail himself of a set-off against that plaintiff, in a case where he would have had the right to do so, had the action been commenced by that plaintiff alone ?.

It can hardly be necessary to remark that, prior to the Code, the plaintiffs in an action on contract must have shown a joint cause of action in all of them, otherwise they would have been nonsuited. In my opinion, the Code has changed this rule. It was a leading and avowed object of the Code to establish a uniform course of proceeding in all cases, and to abolish all distinctions between legal and equitable remedies. We know that the rules touching parties to a suit in equity, and parties in actions at law, were very different. It was a general rule in equity that all persons materially interested in the matter of the bill ought to be made parties, plaintiffs or defendants. In actions at law, the general rule was, that the action should be brought in the name of the party whose *legal* right had been affected. If there was a mistake as to parties in an equity suit, it did not necessarily follow that the bill must be dismissed. It could be amended. It could be dismissed upon the hearing, with costs as to some of the defendants, and a decree could be made against others. The technical rules in an action at law, as to parties, never prevailed in equity. The court hearing the cause, and deciding without a jury, was enabled to mould the judgment of the court by the form of the decree so

Cowles and Curtis agt. Cowles.

as to do justice to all the parties. But I shall not enter upon a discussion of parties to suits in equity or actions at law, nor insist that the Code has adopted either of those systems exclusively. It has, however, declared that every action must be prosecuted in the name of the *real party in interest*, except in certain cases. (§ 111.) This was the general rule in equity. It has abolished all previous forms of pleading, and has prescribed forms and rules of its own. (§ 140.) Where there is a defect of parties, plaintiff or defendant, apparent upon the face of the complaint, the defendant may demur. (§ 144.) If the defect does not appear upon the face of the complaint, the defendant may take the objection by answer. (§ 147.) If the defendant does not demur or object by answer, this objection of a defect of parties is waived. (§ 148.) Ample provisions are made for amendments. The court may, before or after judgment, amend any pleading or proceeding, *by adding or striking out the name of any party.* (§ 173.) But let us turn at once to § 274, which declares that judgment may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants. It has always appeared to me that this language was too plain to be mistaken, and that the legislature intended by it to abrogate the rule at law, by which the plaintiffs were turned out of court if they failed to show a joint right of action or a joint liability against defendants in actions upon contract. The commissioners say so in their report of this section. (*See* 1 *Report.*) It was supposed at one time that this provision was only applicable to equity cases. 1 find nothing in the Code countenancing this view; and we should keep in mind that a leading object of the system was the abolition of the distinction between legal and equitable remedies, and the establishment of a uniform course of proceeding in all cases. (See preamble to Code.) An addition to § 274 was made in 1851, providing for a severance of trial in a class of cases, whenever a several judgment might be proper. This qualification has been erroneously, as I think, applied to the old section. See examination of this question in People agt. Cram and White, (8 *How. P. R.* 151.) In that case the action

was against the defendants, upon a joint and several bond, and it was held that the plaintiff was entitled to recover against one of the defendants upon establishing the cause of action against him, in case it appeared that his co-defendant was not a joint contractor or jointly liable.

In the case now under consideration, the defendant proposed to show that the cause of action was not joint in the plaintiffs; but that one of the plaintiffs was the real and sole party in interest, and then to establish a set-off as against him. The rule laid down in the People agt. Cram and White, if applicable to plaintiffs, is an authority in support of the answer in this case; and I am not able to see any good reason why the same rule is not applicable where there are too many plaintiffs, as where there are too many defendants. The same language is used in the act in reference to plaintiffs as is used in reference to defendants. " Judgment may be given for or against one or more of several plaintiffs," &c. The same argument from § 136 cannot, it is true, be deduced in favor of the construction of § 274, in the case of too many plaintiffs as in the case of too many defendants. Section 136 treats of defendants only, and there was no occasion there for speaking of plaintiffs. The section relates to joint and several debtors.

The recorder's court permitted that part of the answer alleging that one of the plaintiffs was the sole owner of the note, to stand, and I suppose with a view of allowing the defendant to establish, if he could, that one of the plaintiffs had no interest in the suit, and then nonsuit the plaintiffs. In my opinion, no portion of the answer should have been stricken out, and the defendant should have been permitted upon the trial to establish the facts alleged in his answer, upon giving evidence which would justify a jury in finding that Curtis, one of the plaintiffs, was solely interested in the cause of action. The defendant should have been permitted to prove his set-off against Curtis, and the question should be submitted to the jury with proper instructions, that if they find as a fact that Curtis alone had an interest in the note, then they should pass upon the set-off, and ascertain the balance. It might be proper

NEW-YORK PRACTICE REPORTS. **365**

in such a case to submit it to the jury with questions to be answered in writing. (*Code,* § 261.) I think the learned recorder erred in striking out that part of the answer touching the set-off against Curtis, and the judgment should be reversed, and the order vacated.