Ingraham, J.
—[After reference to the facts.]—The first question to be determined is the nature of the action as shown by the complaint.
From an examination of the complaint in this action, in connection with the authorities in this State, we are of the opinion that the action must be held to an equitable action to restrain the defendants from continuing to use and occupy with their railroad the portion of the streets adjoining plaintiffs’ property.
The character of the action is to be determined by the allegations of the complaint, and the nature of the relief demanded. In this case the allegations of the complaint are such as would entitle plaintiffs to an equitable judgment, enjoining the defendants from the unauthorized use of their property.
In Henderson v. N. Y. Central R R. Co. (78 N. Y. 423, 428), the relief sought was, first, damages; second, the abatement of the use of the railroad and the removal of the tracks ; third, an injunction against running the trains, or if the defendants are permitted to use the tracks, to do so only on condition that plaintiffs should first be paid in damages. The action was sustained as an action in equity, the court say *297 ing (p. 430) that plaintiff had the right to invoke the restraining power of a court of equity to prevent a multiplicity of suits, and could of course recover his damages as incidental to such equitable relief, and from that case, and the cases cited by the court, it appears that the jurisdiction of equity in such cases is firmly established in this State, and that a court of equity having once acquired jurisdiction, can proceed and give all the relief to which the plaintiffs would in any action and before any tribunal be entitled.
The nature of the action and the relief demanded in that action is almost identical with the case at bar.
The general term of this court in the late case of Clark v. Blumenthal (52 Super. Ct. [J. & S.] 355), decided that the test of the method of trial is the nature of the demand for relief. In this case, the judgment actually entered after the trial by the jury, was not a judgment for the abatement of a nuisance, but was an equity judgment, restraining the defendants from continuing the acts complained of.
The complaint stating facts entitling plaintiffs to equitable relief and asking judgment for equitable relief, and the judgment entered by plaintiffs being a judgment for equitable relief, it cannot be claimed on appeal that the action is not an equitable action.
The fact that the parties would be entitled to a trial by jury of some of the issues involved in an action, would not prevent the action from being an equitable action, but if one or more of the issues were so triable, the sections of the Code hereafter cited provide a method by which either party can procure the trial of such issues by a jury.
The construction and operation of the elevated railroad were authorized by the legislature. Its route was fixed under the authority of the legislature, and as such it was authorized with the consent of the city of New York to construct and operate its road. If, *298 however, in such construction or operation it became necessary to use the property of an individual, it must acquire, either by purchase or proceedings under the General Railroad Act, the title to such property (Matter of Elevated R. R. Co., 70 N. Y. 327, 360), and any appropriation of private property, without acquiring title to it, would be trespass (Uline v. N. Y. Central, &c. R. R. Co., 4 Eastern Rep. 30, 34).
The action, therefore, being an equitable action to-be tried as an action in equity, the question is presented, whether the trial of such an action before a jury, is such an error as would require a reversal of the judgment and the direction of a new trial.
Trials of issues in civil actions are regulated by chapter 10 of the Code of Civil Procedure, and section 965 of the Code provides that “ an issue either of law or fact must be tried as prescribed in this chapter, unless it be disposed of as prescribed in chapter 6 of this act.” Section 968 prescribes the actions that are triable by a jury, and section 969, the actions that are triable by the court. This last section provides that an issue of law in any action, and an issue of fact in an action not specified in the last section, and wherein provision for a trial by a jury is not expressly made by law, must be tried by the court, unless a reference or a jury trial is directed ; and section 970 provides the manner in which a jury trial in such an action shall bé directed. The party entitled to a jury trial may apply on 'notice to the court for an order directing all the questions arising upon such issues to be distinctly and plainly stated for trial, and upon the hearing of the application the court must cause the issues, to the trial of which by a jury the party is entitled, to be distinctly and plainly stated. By section 971, it is provided that in an action where a party is not entitled, as of right, to trial by jury, .the court may, in its discretion, uponhe application of either *299 party, or without application, direct that one or more questions of fact, arising upon the issues, be tried by a jury, and may cause those questions to be distinctly and plainly stated for trial accordingly ; and by section 972 it is provided that if the questions directed to be tried by the jury as prescribed in the last two sections, do not embrace all the issues of fact in the action, the remaining issues of fact must be tried by the court or by a referee.
By section 1022 it is provided that the decision of the court on the whole issue of fact must state separately the facts found ; and the conclusions of law, and it must direct the judgment to be entered thereupon, and by section 1225 it is provided that in an action triable by the court, where one or more specific questions of fact, arising upon the issues, have been tried by a jury, judgment may be taken upon the application of either party as follows :
First: If all the issues of fact in the action are determined by the finding of the jury, or the remaining issues of fact have been determined by the court or a referee, an application for judgment may be made upon the whole issue, as upon a motion; and Second, if one or more issues of fact, remain to be tried, judgment may be rendered upon the whole issue at the term of the court where or by direction of the referee by whom tln?y are tried.
I have stated the provisions of the Code controlling the trial of civil actions in full, and these sections contain the only provisions that authorize a jury trial in actions not specified in section 968; and except where the proceedings authorized by those sections have been taken, the provisions of section 969 appfiy, and the issues must be tried by the court.
The system for the trial of actions provided by the sections above mentioned, preserves the distinction between actions which were formerly called equitable *300 and of which the court of chancery had cognizance, and those called actions at law, which were determined in a court of law, although both classes of actions are now tried by the same court.
The method of the trial of the two classes of actions are very different. The legislature has provided that the issues of fact in an equity case must be tried by the court, unless the court should send either one or more of the issues of fact to be tried by a jury, in which case an order must be made specifying the issues to be passed upon by the jury, and for that purpose the questions to be answered by them must be distinctly stated.
The case of Hammond v. Morgan, 3 Eastern Rep. 868, was an action for the recovery of certain letters patent, &c., claimed to have been delivered by the plaintiffs to defendant, and the return of which were demanded. The issues were brought on for trial by the plaintiff at a special term, and were on motion of defendant sent by the special term to a jury term for trial. No issues were framed, and a general verdict having been rendered on the trial before a jury in favor of the plaintiff, the court entered on such verdict an equity judgment, directing the return of the instruments to recover which the action was brought. A motion was made to set aside such judgment as irregular, which was denied in the court below, but the judgment was reversed by the Court of Appeals. In the opinion in that case, Bable, J., says : “ In that event, (viz: the action being treated as an equity action) the case was properly noticed at the special term, and should there have been fried before the judge without a jury, unless at his instance or upon the motion of one the parties, some or all of the issues were ordered to be tried before a jury ; and for that purpose the questions to be answered by them should have been distinctly framed. In such case the issues are sent to a *301 jury for the aid and information of the court. If the facts thus submitted to and answered by the jury, together with the facts admitted by the pleadings, cover the whole case, so that no further facts need be proved for the information of the court, motion may at once be made for judgment.55
In the case at bar there was no order of the special term sending issues to the jury for trial; no issues were framed to be tried by a jury. The plain tiff brought the case on for trial where it was not triable, and where, despite the exception of the defendant, it was tried, not as an equity case, but as an action ate law.
Under the sections of the Code above cited, and the decision of the Court of Appeals in Hammond v. Morgan (supra),we think the motion of the defendant’s counsel that the case be stricken from the calendar, and ordered to be tried at special term as an equity case, should have been granted.
Plaintiff insists, however, that the defendant by his proceedings prior to making the motion, had waived his right to demand a trial before the court without a jury.
We have examined the facts upon which the plaintiff claimed the defendant waived such right, and do not think they can be said to' have that effect. The action, as before stated, was for damages sustained up to the time of the commencement of the action, and for an injunction, and the plaintiff by waiving his claim for equitable relief could have tried his action before a jury for the damages therein claimed ; and it appears that defendant made his motion for the trial to which he was entitled as soon as it was developed by the opening of the case that the equitable relief would be insisted on, and we think that that was in time. The fact that one of the defendants, after plaintiff had noticed the case for trial at a jury term, *302 also noticed the case for trial at the same term, was not a waiver of his right to object when the case was called for trial. See Wheelock v. Lee, 74 N. Y. 495, 500.
The case of People v. Metropolitan Telephone Co., 31 Hun, 596, does not help the plaintiff. That was plainly an action to abate a nuisance, and was one of the actions specified in section 968 of the Code which was triable before a jury. But in that case it was held that a judgment which included equitable relief in directing the removal of the obstructions in the streets could not be sustained on the general verdict for plaintiff, and to authorize the court to interfere with' the existence of the poles, there should have been a finding in some form to show which of them, and to what extent they exceeded the necessary bounds prescribed by the statute.
We are also of the opinion that the verdict of the jury, in the form in which it was rendered, was not sufficient to sustain the judgment' entered thereon.
The answer of the defendant railway companies puts in issue the allegations that the structure described in the complaint, diminished and impaired the light, air and ventilation of the plaintiffs’ premises, and that the structure or operation of the road appropriated any of the plaintiffs’ property, and before plaintiff was entitled to the relief demanded, there must be some finding of fact that plaintiffs’ easement in the street was occupied by defendants.
On the trial there was evidence tending to show, that that easement was not appropriated or used by defendants. That question was not submitted to the jury, nor was there any finding of fact on that issue.
In the case of Hammond v. Morgan (supra), it was held that, “and if the finding of the j ury together with the facts admitted in the pleadings do not cover the whole case, and other issues remain to be tried, or *303 other facts requisite for equitable relief remain to be proved, then the case must be regularly brought to a hearing before the court, where the court may or may not adopt the finding of the jury, and other facts may be proved, and in such case the court must make findings of fact and law, to which exceptions may be taken by either party desiring to appeal.”
It appears, in this case, that, after all the evidence was in, the trial judge, in charging the jury, said: 66 As matter of law, plaintiff sustained injury to some extent; if nominal only, that would require you should find for plaintiff, and therefore your answer to the first question, 6 Do you find for plaintiff ? ’ will be ‘ yes’,”
That was simply a direction to the jury to find that plaintiff had been injured by the defendant, and there was no finding of the jury, that the structure of the elevated railroad company was an impairment of, or an appropriation of, the plaintiffs’ easement.
As we are of the opinion, however, that the action was improperly brought on for trial before a jury, the judgment must be reversed on that ground, and a new trial ordered, with costs to the appellant to abide the event of the action.