Van Brunt, P. J.
The defendant, Jordan, demurred to the complaint in this action, and such demurrer was overruled and an order entered on March 10, 1887, which, after reciting the interposition of demurrer and the trial thereof, read as follows:
*338 “It is ordered that said demurrer be and the same hereby is overruled, and that plaintiff have judgment thereon with costs, but with leave to the said defendant, Mary A. Jordan, to answer within twenty days on payment of costs, the said costs to be adjusted by the clerk of this court; and that thereupon an interlocutory judgment be entered herein, in accordance with the terms of this order as aforesaid.”
On March 12, 1887, an interlocutory judgment was entered without notice, whereby, after reciting the previous proceedings, the entry of the order of March 10, 1887, (which it is said directed the entry of the interlocutory judgment) and the adjustment of the costs by the clerk, it was adjudged, that the demurrer be overruled, and that unless the defendant, Mary A. Jordan, pay the costs and answer within twenty days, the plaintiff should have final judgment against her as prayed for in the complaint, with costs.
A motion was thereupon made to vacate and set aside the said interlocutory judgment, upon the grounds that the same did not conform to the order of March 10, 1887, in that the interlocutory judgment directs what final judgment should -be recovered, whereas the said order did not so direct; that the judgment-roll did not contain any record or recitation of record as provided in sections 1222 and 1223 of the Code of Civil Procedure; that final judgment was not directed as prescribed in section 1021 of the Code, and that the action was not one specified in section 420 of the Code. This motion being denied, an appeal was taken from the order denying the motion and also from the interlocutory judgment.
The case of Smith v. Rathbun (88 N. Y. 660)* seems clearly to decide that the practice pursued by the plaintiff -was irregular. In that case it is said that section 1021 of vthe Code of Civil Procedure provides that the decision of *339 the court upon the trial of a demurrer must direct the final or interlocutory judgment to be entered thereupon; and that where it directs an interlocutory judgment with leave to the party in fault to plead anew or amend, it may also •direct the final judgment to be entered if the party in fault fails to comply with any of the terms imposed ; and that section 1222 provides that final judgment upon an issue of law where no issue of fact remains to be tried, and final judgment has not been directed as provided for in section 1021, may be entered upon application to the court or by the clerk in an action specified in section 420. It is thus seen that the decision of the court must direct not merely •that an interlocutory judgment be entered, but the interlocutory judgment to be entered ; that is it must fix its terms with definiteness.
In the case at bar, by the order embodying the decision, no such direction was given. By that order, it was simply directed that the demurrer be overruled and the plaintiff have judgment thereon, with costs, and that upon the taxation of such costs, an interlocutory judgment be entered herein, in accordance with the terms of the order aforesaid. The order contained no “ terms aforesaid.” The previous provision of the order was that the plaintiff have “ judgment thereon with costs;” what judgment the plaintiff thereon should have, with costs, is not specified.
The case at bar is undoubtedly one in which, upon default, application would have 'to be made under sections 1214 and 1215 of the Code, for judgment. Upon such application it would be the duty of the court to determine the precise relief to which the plaintiff would be entitled, and if the defendant had appeared, notice of such application must have been given to her and she was entitled to be heard thereon. The plaintiff would not necessarily be entitled to the relief prayed for in the complaint, but it could have judgment only for such relief as the facts alleged in the complaint entitled it to. In the case at bar, however, although the decision of the court upon the *340 demurrer did not direct “the interlocutory judgment” to-be entered, and • did not determine the precise relief to which the plaintiff was entitled, an interlocutory judgment has been entered directing in favor of the plaintiff final judgment against the defendant, Jordan, granting the plaintiff particular relief, viz., the relief prayed for in the complaint,, with costs.
This interlocutory judgment, therefore, attempts to fix the precise relief which the plaintiff is to obtain upon default, although the court has at no time determined the precise relief to which the plaintiff is entitled. It is urged upon the part of respondent that the clerk has power to enter judgment in any case, if directed so to do by the court.
But the court has not in every case legally the power to-direct the entry of judgment; and unless the provisions of the law which give the court the power to direct the entry of a judgment are complied with, the judgment so entered is irregular, and must be set aside upon a proper application made for that purposed In the case at bar the court had no-power to direct the entry of this interlocutory judgment without notice to the defendant. There is no evidence that, any notice was given to the defendant, and we may well assume that none was given because the interlocutory judgment shows upon its face that it is entered because of the-supposed direction contained in the_ order of March 10, 1887, that it should be entered, and no exercise of judicial discretion is pretended except such as was embraced in the-order of March 10; and that order does not by any means direct the entry of the interlocutory judgment in question, and nowhere determines that, under any circumstances, the plaintiff is entitled to judgment as prayed for in the complaint.
It may be suggested that upon application for final judgment after failure to comply with the terms of an interlocutory judgment, notice should be given to defendant, and that then the court could determine to what specific relief the facts alleged in the complaint entitled the plaintiff. It *341 is not very difficult to imagine,—if upon such application the defendant should insist that the facts alleged in the plaintiff’s complaint did not entitle it to all the relief asked for,—with what confidence the plaintiff would call the attention of the court to the fact that by the interlocutory judgment already entered, and which the defendant had not moved to vacate or set aside, that question had been determined.
II. April, 1888. Appeal from order refusing to vacate interlocutory judgment.
Plaintiff procured the order on demurrer to be resettled by motion on notice, and as resettled its direction was as follows:
£l It is ordered: That the said demurrer be and the same hereby is overruled with costs, and that the said plaintiff have judgment thereon, but with leave, however, to the said defendant, Mary A. Jordan, to answer in said action within twenty days upon payment of costs.
“ And it is further ordered that the said costs be adjusted by the clerk of. this court, and that thereupon an interlocutory' judgment be entered herein, which shall direct that the said demurrer is overruled with costs, and that in case of the failure of the said defendant, [name] to answer the said complaint within twenty days after the service of a copy of the said interlocutory judgment on her attorneys, and to pay the said costs so as aforesaid to be adjusted and to be included in the said interlocutory judgment to the plaintiff, or to its attorneys, then that the said plaintiff have-final judgment against the said defendant [name] as demanded in the complaint, that is to say, as against the said defendant [name] that its said claim of $4,030.18, and the interest thereon from December 27, 1881, together with the costs of this action, be paid to it out of the fund of $20,000 mentioned in the said complaint, or that so-much of its said claim be paid out of the said fund as shall be the pro rata share thereof, to which the plaintiff shall be entitled in case any of the defendants named in the said complaint as creditors shall establish claims to the said fund, and in case the said fund, with the accumulations thereon, shall be insufficient to pay in full all the claims which shall be established in this action against the .said fund, and in case the said plaintiff shall not be paid its said claim in full, together with interest and costs out of said fund, then that the plaintiff recover of the said defendant [name] one-eighth part of the balance of the said claim of $4,030.18, with interest and costs as aforesaid (except that the expense of serving the summons upon each of the other defendants in this action must not be taxed against her), which shall remain unpaid, the said one-eighth being in proportion .to the extent of the estate interest right and distributive’share in the real property of Cornelius Poillon, mentioned in the said complaint, which descended to her.
*341 The rights of the defendant, therefore, are seriously endangered by this irregular judgment, and they should be protected from its effects. The motion to set aside the judgment should have been granted.
The order appealed from should be reversed with $10 costs and disbursements, and the motioh granted with $10 costs.
The appeal from the interlocutory judgment should be dismissed without costs.
Daniels and Babtlett, JJ., concurred.
Order reversed, with $10 costs and disbursements, and motion granted, with $10 costs ; appeal from interlocutory judgment dismissed, without costs.
“ (Enter as a resettlement of the order made and filed herein, March 12, 1887).”
Plaintiff thereupon entered interlocutory judgment to the same effect.
A motion to vacate this judgment having been denied, the defendant appealed to the general term.
F. B. Candler (Jay Candler & Brush, attorneys), for the respondent.
Wellesley W. Gage. (Wilmot & Gage), attorneys,
for' the appellant contended, that the interlocutory judgment should provide that in case of failure to- answer and pay costs, etc., “ the said plaintiff may, upon due notice to the attorneys for the defendant, apply to the court for final judgment against her, and shall be entitled on such application to such final judgment in this action as shall appear to the court just and proper.”
Van Brunt, P. J.
When this case was before the court upon a previous practice appeal, an endeavor was made to define, with reasonable clearness, the' steps necessary to be taken in order to perfect judgment after a demurrer to a complaint had been overruled.
It was held that the order entered upon the overruling of the demurrer did not authorize the entry of the interlocutory judgment complained of, or any definite interlocutory judgment, and that such judgment must be set aside, because of the defects in the order overruling the demurrer. These defects the court which originally made the order had power to supply, and it proceeded to correct the errors by the resettlement of the order upon notice to the defendants. This was necessary to render the decision upon the demurrer effective. Simply because the court erred in the form of the order entered upon- the overruling of the demurrer, it was not deprived of the power to cause to be entered an order in proper form. This was all the court attempted to do, of which the defendants had due notice.
It would appear from the record that the whole course, of the defense in reference to this question of practice has been to afford the court as little assistance as possible, and *344 get all the delay possible by objection and to give no assistance by suggestion.
The order entered seems to comply with the suggestions made upon the former appeal, and is definite and certain as to the obligations of this defendant thereunder, which is all that she can ask.
The order appealed from should be affirmed, with $10 costs and disbursements.
Beady and Daniels, JJ., concurred.
Upon the merits of the action, the opinion of the special term was as follows :
Ingraham, J.
There is but one cause of action set up in the complaint—that is to recover the debt due plaintiff from Cornelius Poillon, deceased, and as required by thei Code; all of the heirs at law of the debtor are parties defendant, the action being.against them jointly (Code, § 1846). The fact that, by the consent of the heirs at law and other parties, the proceeds of certain real estate of the deceased debtor was deposited with the United States Trust Co. as a fund for the payment of any debts owing by the deceased, and that the depository of that fund, and all parties having an interest in it are made parties to this action; and plaintiff asks as further relief that such sum or some part of it should be applied to payment of plaintiff’s demand does not add a new or distinct cause of action. The action is to recover the demand due' the plaintiff. The fact alleged in the complaint would justify a judgment against the heirs at law for the demand due to the plaintiff, and whether that demand is to be paid out of the fund provided for that purpose, or by judgment and execution against the heirs at law, affects the relief to be given, and does not create a new or a distinct cause of action.
The defendants all appear to have some interest in the. controversy, and are proper parties defendant under section *345 447 of the Code. It is not, however, a ground of demurrer, ■if the defendant, against whom a good cause of action is pleaded, that there are parties defendant who are. not proper parties to the action (Nicholas v. Drew, 94 N. Y. 26). The •demurrer must be overruled, and judgment ordered for the plaintiff with costs, with leave to defendant to answer within ¡twenty days on payment of costs.
Wellesley W. Gage (Wilmot & Gage, attorneys) for the ■appellant.
F. B. Oandler (Jay, Oandler & Brush, attorneys) for •the respondent.
The general term affirmed the decision on the merits, Tendering the following opinion:
Van Brunt, P. J.
The demurrer interposed to the complaint states as grounds :
1st. That causes of action have been improperly united,
and
2d. That it does not appear on the face of the complaint 'that said causes of action are consistent with each other, nor •does it appear that they affect all the parties to the action.
The allegations of the complant, so far as necessary to-■state them, seem to be about as follows : That Cornelius
Poillon died intestate, possessed of certain real estate, leaving certain of the defendants named his only heirs at law, and owing debts to the plaintiff and certain of the defend•ants. That the real estate descended to such defendants in ■certain proportions named. That his personal estate was not sufficient to pay his debts, and that the plaintiff has been and will be unable with due diligence to collect said debts •or any part thereof, by proceedings in the surrogate’s court. That subsequent to his death, the defendant Mary A. Jordan, ■one of his heirs at law, brought an action to partition his real estate, which resulted in a sale thereof. That some of the purchasers at said sale refused to take title to the property purchased, unless part of the proceeds sufficient to pay *346 the creditors of said Cornelius Poillon was deposited in the-United States Trust Company, to be used for the payment of the debts of the said Poillon, and $20,000 of the proceeds of sale were deposited wjth the defendant, the United States-Trust Company, under the following agreement:
Jordan et al. v. Poillon et al.
It is hereby stipulated and agreed by the parties in-interest herein, that there shall remain on deposit in the United States Trust Company, to the credit of this action,, the sum of $20,000, to be considered as real estate, for the-purpose of providing for any deficiency in the assets in the hands of the administratrix of Cornelius Poillon, deceased,, with which to pay any lawful, claims of creditors of said Cornelius Poillon, deceased, for which the real estate of said Cornelius Poillon is or may be liable, or for the payment of which his real estate could be sold or applied, and the referee is hereby authorized and empowered to make-such deposit accordingly.
Said amount shall'not be withdrawn, except upon application to the court, and on notice to the purchasers and all parties in interest.
Dated March 8, 1882.
Wellesley W. Gage,
' Plaintiff’s attorney.
W. McDermott,
Attorney for Eleanor S. Poillon and Isabella A. Miller.
Man & Parsons,
Attorneys for George W. Poillon and wife.
J. Leveridge,
Attorney for George P. Leveridge and others.
—which was signed by the attorneys for all the parties.
That said sum still remains in the trust companju That some of the defendants, naming them, claim to be creditors of Poillon, whose claims are admitted by plaintiff. That the United States Trust Company is made a party because- *347 it is the stakeholder. That certain of the defendants, naming them, are the purchasers referred to and entitled to notice of any claim made against the money in the trust company, and for that reason are made parties. That certain other of the defendants, naming them, being the heirs at law of said Poillon, and the executor of a deceased heir, claim the fund ■as owners.
Judgment is prayed that the plaintiff be paid out of the fund, and if his pro rata share be not sufficient to pay his debts, that he recover judgment for the balance from the heirs at law in the proportions in which they have inherited and to the extent of such inheritance.
That there is but one cause of action set forth in the complaint seems to be apparent, and although all the defendants may not be affected alike, yet all have an interest and were entitled to notice.
The action is simply to enforce a right given to the creditors of Cornelius Poillon, of which the plaintiff is-one, by his heirs at law, at the instance of purchasers at the partition sale, to be paid their debts out of certain moneys deposited for their benefit with the defendant, the United States Trust Company, which right is dependent upon the establishment of a claim against the heirs of Poillon as such.
The claim for a judgment for a deficiency against the heirs so far as they have received assets of the estate is merely fbr the purpose of completing the remedy if the security provided should prove insufficient. It is simply ancillary to the principle cause of action, viz. : the enforcement of rights against fund provided.
The judgment appealed from should be affirmed, with costs.
Beady and Daniels, JJ., concurred.
Note on Interlocutory Judgments.
An interlocutory judgment is an intermediate or incomplete judgment, by which rights of the parties are adjudicated *348 but something is left to be done to fix the extent or limits of "the actual relief to which those rights entitle the party.
The main importance of the distinction between an interlocutory and a final decree or judgment has heretofore been in the fact, that an interlocutory judgment or decree is not' Teviewable by an appeal to the court of last resort, except as it is involved in and reviewable on appeal from a final judgment'or decree.
Where contest is made the court ought not, therefore, in .general, to grant a decree such as can be executed by passing possession, or otherwise terminating the rights of the parties, unless the cause is ready for'final decree.
The function of an interlocutory decree is to establish the principles determining the rights of the parties, and to direct those steps which are to be c.onducted according to those principles, in order to reach the point at which final judgment may be awarded.
In foreclosure, for instance, where plaintiff sues to collect his demand by having the property of the defendant sold, and "the debt paid, and deficiency, if any, awarded, the determination of the question of right, that is to say of debt and of mortgage, is deemed the final judgment; and the sale is regarded as rather in the nature of execution ; so that upon a •decree of foreclosure directing sale, immediate appeal will lie as from a final judgment, without awaiting the result of the .sale and the distribution. If after affirmanoe of the judgment of sale, a sale is had, and questions arise as to surplus or •deficiency, these are regarded as matters to be determined upon motion and reviewed by appeals from orders: and the fact that a final judgment has been entered for foreclosure -and sale, does not preclude the entering of another final judgment for deficiency, if any be found to arise after sale, and to be chargeable personally upon a defendant. The power to -enter such a judgment, however, does not exist unless expressly given by statute or rule.
On the other hand, where, as in actions for partition and for dower, the question of separate possession is -the main •question, and a sale is only necessary of property, otherwise indivisible, in order that the proceeds may be divided, the deter *349 mination of the question of right is not regarded as the final judgment, nor is the direction for sale, where that is necessary;, hut these are regarded as only intermediate steps necessary to-convert the fund in question into a condition in which the court can compute and apportion the relative shares, the final judgment is that which is made after sale, or after survey and allotment, and which puts each party in possession of his share.
The practice of entering an interlocutory judgment to mark the determination of part of the issues in a cause, or after a decision of all the issues, where other proceedings were necessary or permissible before final judgment, originated in chancery; and its adoption in some classes of jury-cases, is not yet generally familiar to the profession.
It is now the proper practice, irrespective of the nature of the action, where the cause has been heard on demurrer, and a decision rendered either way, with leave to plead over or to-amend.
In respect to its use on the trial of issues of fact in cases-of a common law nature, it is first to be observed, that if a jury is waived, and the cause tried before a judge, and a proper case is made out, an interlocutory judgment may be rendered the same as if the action were originally triable by the court. Cornell v. Cornell, 96 N. Y. 108. [Citing Code Civ. Pro., § 1207; and Murtha v. Curley, 90 Id. 372.]
The opinion in Cornell v. Cornell, above cited, contains a dictum that in a cause triable and actually tried before a jury,, an interlocutory judgment cannot be had. But this proposition, though probably well stating a general professional opinion and usage, is subject to so many exceptions, as to be practically misleading.
And, first, it is worthy of notice that although the general provisions of the Code of Civil Procedure in reference to interlocutory judgments, contain no express authority for it in cases tried before a jury, the provisions of the statute relative to particular actions, such as partition, for instance, do authorize interlocutory judgments, although the issues be triable by jury. N. Y. Code Civ. Pro. § 1544.
*350 So in a widow’s action for dower (§ 1607), which is triable oy jury (§ 968), and equally in case a widow claims dower when an action to determine claims to title is brought (§ 1648), an interlocutory judgment is to be entere^ on the verdict for dower; and such judgment will direct the admeasurement to be had before final judgment.
So in an action for waste, which is triable by jury (§ 968) if it be between joint tenants, or tenants in common, and plaintiff gets a verdict, he may take an interlocutory judgment for partition and sale (§ 1657).
And recently, kuan action triable and actually tried by jury, where the right was established, but* an accounting was found necessary in order to ascertain the sum for which judgment should be given, or the measure of damages depended on facts not yet ascertainable, the court of appeals held that an interlocutory judgment might be taken, .and a reference ordered. Peck v. Vandemark, 99 N. Y. 29, 35; aff’g 33 Hun, 214.
Also compare Cogswell v. N. Y., New Haven, &c. R. R. Co., 105 N. Y. 319; Watson v. Manhattan Ry. Co., 17 Abb. N. C. 289; People v. Metropolitan Tel. Co., 11 Id. 304; and s. c., after further trial, 31 Hun, 596.
These instances show that there is no incongruity between jury trial and interlocutory judgment; and that wherever the nature of the issues is such that trial by jury does not establish all the elements necessary to enable the court to proceed to final judgment, and the case is such that the failure to do so is not a denial of the right of trial by jury, the court may put upon record an adjudication embodying the verdict of the jury, as an interlocutory judgment, and then proceed, —by reference, or by settling special questions for a jury, or by appointing commissioners to admeasure or partition as the case may require,—to prepare for and render final judgment.
Among the incidental advantages of interlocutory judgment, under the N. Y. Code of Civil Procedure, the cliief are four:
I. Interlocutory judgment so fixes the right of the parties, *351 that subsequent death does not prevent the entry of final judgment in the names of the original parties (§ 763). The statute gives the same force to the verdict, report or decision; but these may be set aside on some grounds which do not •■avail to set aside an interlocutory judgment.
II. By taking an interlocutory judgment, directing that a party do or refrain from an act (other than certain, payments into court, etc.) it may be enforced by serving a certified ■copy, and by proceedings for contempt, without awaiting final judgment. § 1241, subd. 3.
III. If the complaint demands judgment for such relief, arrest may be ordered if defendant threatens to leave the jurisdiction. § 550.
IV. The determination of the rights of the parties can be reviewed at general term, without awaiting final judgment •(see notes below).
Notes of Oases.
I. What is interlocutory and what final judgment.
[Other cases may be found in 1 Abb. N. Y. Dig. newed. tit. Appeal.]
Judgment with leave to withdraw or amend—notfinal.1 A judgment overruling defendant’s demurrer to the complaint with costs, but «with leave to withdraw the demurrer and answer upon payment of •costs, is not a final judgment. Campbell v. N. Y. Cotton Exchange, 47 Super. Ct. (J. & S.) 558.
A decision overruling a demurrer, with or without leave to withdraw ■the demurrer and answer or reply, or sustaining the demurrer, with or without leave to amend the pleading demurred to, and directing a judgment thereon, and directing either final or interlocutory judgment, is an •order; and no appeal will lie therefrom until after final judgment, lb.
In Trust and Deposit Co. of Onondaga v. Pratt, 25 Hun, 23, it was held doubtful whether an appeal would lie from an interlocutory judgment, overruling a demurrer to the complaint and ordering judgment thereon, but with leave to the defendants to answer over.
Although the Court say: “But having arrived at the conclusion that the order made by Mr. Justice Mullin must be affirmed upon the merits. we pass by this objection to the regularity of the appeal, and proceed to consider the order on the merits.”
— even though it contingently direct final judgment.^ A decision on demurrer directing the entry of an interlocutory judgment, but with leave to amend, and also directing final judgment on failure to amend, is not appealable. Sup’m. Ct. 1886, Dick v. Livingston, 41 Hun, 455.
*352 Decision of demurrer without leave—final. On a question of costs,, —Held, that the decision of a demurrer without leave to plead over is in • substance a final judgment; such a decision with leave is an interlocutory judgment. Sup'm. Ct. 1874, Hoffman v. Barry, 2 Hun, 52; s. c., 4 Sup’m. Ct. (T. & C.) 253; and see opinion of Bockes, J., in Van Gelder v. Van Gelder, 13 Hun, 118, 120.
Judgment on part of the issues not final.} Where a demurrer to a counter-claim in the answer is sustained, leaving the issues raised by a-, defense undisposed of, it is irregular to enter judgment upon the demurrer in favor of the plaintiff with costs, as the costs are interlocutory and cannot be enforced until final judgment. [Following Robinson Hall, 35 Hun, 214; Armstrong v. Cummings, 22 Hun, 570.] Sup'm. Ct., 1887, Oestereiches a. Jones, 45 Hun, 246.
Foreclosure. Sale follows final degree}. An appeal in this case,: which was a foreclosure suit, was on the ground, among others, that, it was irregular and erroneous to sell the property mortgaged without a revival of the suit against the heirs of one of the mortgagors who-died after the decree directing the sale and before the sale,—Held, that the appeal was not maintainable.
The court (per Story, J.) say : “But is the objection itself, in principle, well founded ? That depends upon this; whether the decree of foreclosure and sale is to be considered as the final decree in the-sense of' a court of equity, and the proceedings on that decree a mere mode'of enforcing the rights of the creditor, and for the benefit of the debtor;; or whether the decree is to be deemed final only after the return and’ confirmation of the sale by a decretal order of the court. We are of opinion that the former is the true view of the matter. The original-decree of foreclosure and sale was final upon the merits of the controversy. The defendants had a right to appeal from that decree, as final’ upon those merits, as soon as it was pronounced, in order to prevent" an irreparable mischief to themselves. For, if the sale had been completed under the decree, the title of the purchaser under the decree-would not have been overthrown or invalidated, even by a reversal of the decree, and consequently the title of the defendants. to the lands would have been extinguished, and their redress upon the reversal would have been of a different sort from that of a restitution of the-land sold. ” Whiting v. Bank of United States, 13 Pet. 6, 15; s. p., Ray v. Law, 3 Oranch, 179, where a decision of the court below, that: a decree for sale was not final, was disapproved.
Adjudication of amount due, and direction for sale nisi final.) Foreclosure of a railroad mortgage was instituted on the ground that the-, company was in arrears for interest on the bonds secured by the mortgage. A decree was entered ascertaining the amount due, and' direct *353 ing a sale of the premises at public auction, “ unless the amount found due for arrears of interest, with taxed costs, should be paid before the day of the sale.” Held, a final decree, from which an appeal will lie. Bronson v. Railroad Company, 2 Blade (U. S.) 528.
— direction of sale given before amount of debt is adjudicated.— interlocutory.] A decree of foreclosure and sale is not “final” in the sense w'hich allows an appeal from it, so long as the amount due upon the debt must be determined and the property to be sold ascertained and defined. Railroad Company v. Swasey, 23 Wall. 405.
Here the court by -an interlocutory order declared that certain railroad shares held by a State, were pledged for the payment of certain interest-bearing bonds of the State and the interest on them; and that the plaintiff and others whom he represented, as holders of such bonds, were entitled to have their respective proportions of the stock, or so much thereof as might be necessary, sold in order to pay the interest which is due to them ; and ordered a master to take an account of such unpaid interest, and of- the proportion of stock that might be equitably applicable to the payment of said interest found due to each plaintiff, and make report to the court; and ordered further that, unless- by a day named, it should be made to appear that the State had secured the payment of its arrears of interest, then so much of the stock of the State, apportioned to the plaintiff and those he represented as might be necessary to pay said arrears of interest, should be sold; and, after giving directions as to the manner sale is to be made, added, “And this cause is held for further directions.”— Held, that this was but an interlocutory order announcing the opinion which the court had formed as to the rights of the parties, and the principles of the decree it would finally render; but leaving the entry of the final decree to be made when the amount due should be ascertained and an apportionment of the stock made. lb.
Adjudication of right to sale without ascertaining amount due or directing sale,—not final.] A decree in foreclosure which overrules the defense and determines plaintiff's right to a foreclosure, and refers the case to a master to ascertain the amount due, and does not direct' a sale, is not final for the purpose of appeal. Grant v. Phoenix Ins. Co., 106 U. S. 429.
Amount of debt adjudicated, but amount to be applied in reduction by receiver not ascertained,—final. An order was made remanding this cause on a bill for foreclosure, with directions a decree be entered for all the interest due and secured by the mortgage with costs, that the amount of moneys in the hands of the receivers be ascertained and applied to the payment of interest, and if such moneys be insufficient and the balance not paid on a pertain date, then an order to be entered *354 directing a sale. An order was entered in the court below, which ascertained the amount of interest due, and directed payment at a fixed time, and provided for an order of sale in case of default. But the amount of moneys in the hands of receivers was not ascertained. Held, that the order of the court below was a decree, and was final; from which any party aggrieved by supposed error in finding the amount oí interest, or in omitting to ascertain and apply to the reduction or discharge of interest the amount of moneys in the hands of the receivers, might appeal. Milwaukee, &c. R R. Co. v. Soutter, 2 Wall. 440.
Right to sale and amount of debt established, but question of time and place of sale, and of prior liens reserved,—not final.] A decree was entered finding that the mortgagor had made default in the payment of interest on bonds given to secure the mortgage; and that the complainants were entitled to have a sale of the mortgaged property upon failure of the company to pay an amount to be fixed by reference to a master, within a time to be named by the court, and upon the report of the master a decree of foreclosure was entered and a sale directed, “at such time and place and in such manner as the court may hereafter determine,” and then another reference was ordered to determine prior liens. Held, that the decree directing a sale was not final for the purposes of an appeal. Parsons v. Robinson, 122 U. S. 112.
The case of First Nat. Bk. of Cleveland v. Shedd, 121 U. S. 74, holding that a decree was final for purposes of an appeal, which ordered a speedy sale of mortgaged property, but which left conflicting claims as to the priority of lien to be settled by a subsequent decree, is distinguished in Burlington, &c. Ry. Co. *. Simmons (below cited), on the ground that the decree of sale was absolute and without reserve, which could be carried into execution at once, and that when a purchaser acquired the title under it, he would have held as against all the parties to the suit, no matter what might, be the rulings on the other questions in the case, which were reserved for further adjudication.
Foreclosure and redemption. ] A bill was filed by a junior mortgagee against the mortgagor and a prior mortgagee to foreclose his mortgage and to establish his right to redeem the prior mortgage. The defense was, that under certain proceedings had for the foreclosure of the prior mortgage, his right to redeem had been cut off, and the mortgaged property sold free of his lien. The decree appealed from found: 1. That the junior mortgage is still a valid and subsisting lien, and that the right of its trustee and beneficiaries to redeem had not been cut off by the proceedings for the foreclosure of the earlier mortgage. 2. That those claiming title under the sale upon the foreclosure of that •.mortgage, and certain other parties were entitled to redeem the junior mortgage “by paying off the amount due” thereon, “at such time as *355 ■shall hereafter be fixed and determined by a further order or decree to be entered in this cause.” 3. In case none of the parties claiming under the prior mortgage redeem the junior mortgage, and the junior mortgagee redeems the prior one, then that the junior mortgage shall be foreclosed, and a sale of the property “ shall be had under a decree to be entered by this court,” and the proceeds shall be applied, first, “to paying off the amount paid to redeem from the first” mortgage; second, the amount found due on the second mortgage; and the balance, if •any, paid to the mortgagor. 4. “In the event that none of these parties shall redeem from the others, . . then a sale” of the mortgaged property “shall be had pursuant to such decree as may hereafter be entered herein, and from the proceeds shall be paid off, first, the amount which it may be hereafter determined is due on the first” mortgage; “second, . . the amount which it may hereafter be determined is due on the second” mortgage; and, third, the balance, if any, to the mortgagor.
It was then ordered that, “for the purpose of determining the amount necessary to he paid by any of the parties in making redemption, as herein provided," the cause be referred to a master “to find and report” the amount due on both the first and second mortgages, in accordance with certain principles of accounting which were specifically ■stated. The whole then concluded as follows: “This decree being interlocutory, it is ordered that said cause stand continued for further ■order and decree.” Prom this decree an appeal was taken. A motion was then made to dismiss the appeal because the decree appealed from was not final, but interlocutory only. Held, that the junior mortgagee’s right to redeem the prior mortgage had been established, but the amount he must pay had not been determined; and consequently the decree was interlocutory only and not final for the purposes of an appeal. Burlington, Cedar Rapids, &c. Ry. Co. v. Simmons, 123 U. S. 52.
Partition and foreclosure distinguished.] Action for partition.
The decree determined the complainant’s ownership in a portion of the property, and referred the case to a master “to proceed to a partition according to law under the direction of the court.”—Held, not a final decree for purposes of appeal.
The court say: “A decree cannot be said to be final until the court has completed its adjudication of the cause. Here the several interests of the parties in the land have been ascertained and determined, but" this is merely preparatory to the final relief which is sought; that is to say, a setting off to the complainant in severalty her share of the property in money or in kind. This can only be done by a further decree of the court.
*356 “In foreclosure suits it has been held that a decree which settles all the rights of the parties, and leaves nothing to be done but to make a sale and pay over the proceeds, is final for the purpose of an appeal. The reason is that in such a case the sale is the execution of the decree of the court, and simply enforces the rights of the parties as finally adjudicated. Here, however,such is not the case, because still the court must act judicially in making the partition it has ordered. What remains to be done is not ministerial but judicial.” Green v. Fisk, 103 U. S. 518.
Creditor's suit.] A decree' in a creditor’s suit by an assignee in bankruptcy, setting aside fraudulent conveyances and directing the property in dispute to be delivered to the complainant, and awarding execution, is final for purposes of appeal, and the retention of the bill merely for the purpose of a reference to take an account as to rents and . profits, does not alter the right of appeal. Forgay v. Conrad, 6 How. (U. S.), 202.
Possession of specific shares.] A decree directing the transfer forthwith upon the company’s stock books of certain shares, is final for the purposes of an appeal; although it further directed that an account be taken and stated as to the amount paid and to be paid for the stock, and as to dividends accrued, and to be credited under the contracts between the parties. [Following Forgay v. Conrad, 6 How. (U. S.) 204.) Thomson v. Dean, 7 Wall. 342.
Dismissal of distinct claims, on fund in court—final as to such claimants.] Several libels were filed for the condemnation, as prize of war, of quantities of cotton. The libels were consolidated and various claims were interposed for portions of the property, among them that of the appellants here. A decree was entered dismissing their claim with costs, and directing execution therefor. Held, a final decree for purposes of appeal. The court say: “It appears from the record that the decree disposed of the whole matter in controversy upon the claim of W. & D. It was final as to them and their rights, and it was final also, so far as the claimants and their rights are concerned, as to the United States. It left nothing to be litigated between these parties. It awarded execution in favor of the libellants against the claimants.
“We think that such a decree in a prize cause must be regarded as final within the meaning of the Judiciary Acts, and that we have jurisdiction of the appeal from it.” Withenbury v. United States, 5 Wall. 819.
Reversal with direction for proceedings helow.] Writ of error to the court of appeals of New .York. The court of appeals reversed the judgment of the general term of the supreme court, sustaining a demurrer to the complaint, and overruled the demurr.er with leave to the defendant to answer over. The order of the court of appeals *357 further provided that the proceedings be remitted to the supreme court, “ there to be proceeded upon according to law.” Held, (upon a motion to dismiss on the ground that the judgment was not final) that a judgment of reversal by a State court with leave for further proceedings in the court below is not final and not subject for review. Bostwick v. Brinkerhoff, 106 U. S. 3.
The following cases in the IT, S. supreme court state the rule that a judgment of reversal, with leave for further proceedings in the court below, is not final for purposes of appeal. Brown v. Union B’k, 4 How. ( U. S.), 465; Pepper Dunlap, 5 Id. 51; Tracy v. Holcomb, 24 Id. 426; Moore v. Robbins, 18 Wall. 588; McComb v. Knox County, 91 U. S. 1; Baker v. White, 92 Id. 176; Davis v. Crouch, 94 Id. 514.
Interlocutory judgment necessary. ] No appeal lies from an order sustaining or overruling a demurrer, but an interlocutory judgment should be entered upon the order and an appeal taken from it [citing Code Civ. Pro. §§ 1021, 1349; Cambridge Valley Nat. Bk. v. Lynch, 76 N. Y. 514; Liegeois v. McCracken, 22 Hun, 69; s. c., 83 N. Y. 624; Church v. Amer. Rapid Tel. Co., 47 Super. Ct. (J. & S.), 558; Smith v. Rathbun, 88 N. Y. 660.] 1885, Lovatt v. Watson, 52 Super. Ct. (J. & S.) 544; s. p., Bell v. Sun Publishing Co., 1 Month. L. Bul.. 29; Garner v. Harmony Mills, 6 Abb. N. C. 212; Lacustrine Fertilizer Co. v. Lake Guano, &c. Co., 16 Hun, 484. Followed, dismissing an appeal which by the notice of appeal purported to be from an order or interlocutory judgment, but where all that was in fact entered below was an order sustaining the demurrer. 1886, Smith v. Cornell, 53 Super. Ct. (J. & S.), 234; Baltimore & Ohio R. R. Co. v. Arthur, 17 Weekly Dig. 388; Thompson e. Schieffelin, 4 Civ. Pro. R. (Browne), 270; s. c., 66 How. Pr. 235; Ward v. Edwards, N. Y. Daily Reg., March 11, 1884.
In a similar case where no objection was made, the court presumed that an interlocutory judgment had been entered, although it did not appear upon the record. Cawley v. Costello, 15 Hun, 303.
In an appeal from a final judgment, an interlocutory judgment will be reviewed where the notice of appeal specifies that the appeal is from the referee’s report and findings and order decreeing a sale; the court construing this phrase to mean the interlocutory judgment. McAlear v. Delaney, 19 Weekly Dig. 252.
Memorandum of decision awarding interlocutory judgment, a sufficient direction to enter.] It is no ground for the reversal of an interlocutory judgment for an accounting, that the trial judge failed to make findings of fact, if the judgment was rendered upon the pleadings and there was no trial of an issue of fact; for in such case the decision of the court, with an order for the judgment, is a sufficient de *358 cisión in writing to meet the requirements of Code Civ. Pro. § 1010. [Following Baton v. Wells, 82 N. Y. 576.] 1886, Martin v. Smith, 53 Super. Ct. (J. & S.), 277. Here the action was for a partnership accounting, and the answer denied several allegations of the complaint. The cause came on for trial at special term, and plaintiff moved on the pleadings for an interlocutory judgment directing an accounting and a reference for that purpose;, which was granted and sustained; because-the denials in the answer did not raise an issue of fact requiring trial other than accounting.
II. Requisites and incidents of interlocutory judgments.
Incomplete report. Judgment for accounting before account lakenl\ The referee, to whom an action for an accounting was referred to hear and determine the issues, reported only in favor of the plaintiff’s right to an accounting, without stating the account. Held, that an interlocutory judgment, directing an accounting in conformity with the-report, was proper, under the Code of Civil Procedure. Hathaway v. Russell, 7 Abb. N. C. 138; aff’d in 46 Super. Ct. (J. & S.) 103.
Compare Mundorff v. Mundorff, 1 Hun, 41; s. c., 3 Sup'm. Ct. (T. & C.), 171, where it was held that after a referee to whom the cause-had been referred to take an account had heard the testimony and decided that an accounting should be had, and then declined to proceed any further,—that the court might on motion order the same-referee to complete his duty, or commit the case to another referee to-complete it, without beginning the cause anew'.
Failure to execute reference directed by interlocutory judgment.] An appeal from a judgment does not bring up for review the failure to. refer pursuant to an interlocutory judgment, for assuming that final judgment was rendered w'ithout a reference, it was nevertheless entered upon the direction of the judge before whom the case was tried, and, at. most, was an irregularity to be reached by motion. Burr r. De La Vergne, 102 N. Y. 415, 422.
Interlocutory judgment not res judicata.] The doctrine of res adjudícala does not apply to interlocutory judgments or orders, which the court rendering them has power to vacate or modify. N. Y. Com. Pl., Sp. T. 1884, Metropolitan, &c. Co. v. Manhattan Ry. Co., 14 Abb. N. C. 103, 215:
Bringing in party under interlocutory judgment and sale.~\ Judgment in partition being irregular for lack of due service on an infant party, held that it was not necessary to set aside the interlocutory judgment nor the sale, but that the infant might be brought in by supplemental complaint, and the interlocutory judgment and sale decreed to stand against the infant. Rice v. Barrett, 35 Hun, 367 ; rev’d in 99 *359 N. Y. 403, on the ground that the purchasers were relieved by the delay in perfecting the title.
Allowance not made in interlocutory judgment.] The extra allowance pursuant to Code Civ. Pro. §§ 3262, 3253, cannot be taxed as costs upon the entry of interlocutory judgment overruling a demurrer, with leave to answer upon payment of costs. It is only given by those sections, to the plaintiff, “ if a final judgment is rendered in his favor.” Fay v. Muhlker, 12 Daly, 314.
Enforcing costs on interlocutory judgment.] An entry of a judgment for costs upon an appeal from an interlocutory order, is not authorized. The costs of the successful party are motion costs and are to be collected as other motion costs. [Citing Code Civ. Pro. § 779; Phipps v. Carman, 26 Hun, 518; Brown v. Leigh, 50 N. Y. 427; Wilkin v. Raplee, 52 N. Y 248.] N. Y. Com Pl, 1885, Matter of Brasier, 2 How. Pr. N. S. 154.
Signature of judge necessary on settlement offinal judgment, "but not on the judgment record itself.Its seems that where an interlocutory judgment is rendered, with a direction that the final judgment be settled by the court or referee, that the signature of the judge or referee to the final judgment is required.
But held, that on the awarding of a final judgment, after the trial of issues of fact, it is made by Code Civ. Pro. § 1228, the duty of the clerk, on filing the decision, to enter judgment in conformity therewith, without further warrant, and the service of a copy judgment without the signature of the judge, where the draft judgment, left with the clerk, contained such signature, was sufficient, as the signature was mnecassary. Clapp v. Hawley, 97 N. Y. 610.
, III. Remedy to review interlocutory judgment.
Appeal.] From an interlocutory judgment the unsuccessful party may appeal directly to the general term. From the decision of the general term on appeal from an interlocutory judgment only, if the decision affirm the interlocutory judgment, he cannot go directly to the court of appeals. [Citing Walker v. Spencer, 86 N Y. 162 ; Barker v. Cocks, 50 Id. 689; Catlin v. Grissler, 57 Id. 363; Mundorff v. Mundorff, 59 Id. 635; Elwell v. Johnson, 74 Id. 80; Chesterman v. Eyland, Id. 452; Cambridge Valley Nat. Bank v. Lynch, 76 Id. 514, 516; Victory v. Blood, 93 Id. 650.] Raynor v. Raynor, 94 N. Y. 248.
Having gone back to the court below, and tried the cause and reached final judgment at special or trial term or on a referee’s report, he may go directly to the court of appeals without having any intermediate hearing at general term. By Code Civ. Pro. § 1336, the appeal must be in form from the final judgment, but it brings up for review *360 only the determination of the general term, affirming the interlocutory ' judgment, lb.
Or he may appeal from such final judgment to the general term to have a review there of the final judgment only, as distinguished from the interlocutory judgment. [Code Civ. Pro. § 1350.] Ib.
And may then appeal to the court of appeals from the decision of the general term on the final judgment, and review at the same time in the court of appeals the previous decision of the general term on the interlocutory judgment. [Code Civ. Pro. § 1350.] Ib.
■ If the general term on appeal from an interlocutory judgment grant a new trial, the party aggrieved may go direct to the court of appeals. [Code Civ. Pro. §§ 190, 191.] Ib.
Instead of appealing from an interlocutory judgment, the party aggrieved may move at general term for a new trial on exceptions, and whether the new trial be granted or denied, may go direct to the court of appeals, but only for the purpose of reviewing questions of law. Ib.
The court of appeals will not entertain an appeal from an interlocutory judgment. Such a judgment will be reviewed only on appeal from a final judgment, although an appeal from an interlocutory judgment may be taken to the general term. [Citing Code Civ. Pro. § 190; Jones v. Jones, 81 N. Y. 35; Walker v. Spencer, 86 Id. 162.] Victory v. Blood, 93 N. Y. 650.
That an interlocutory judgnient, entered upon an order of the general term affirming the judgment of the special term overruling a demurrer, is not appealable to the-court of appeals,—see Barker v. Cocks, 50 N. Y. 689.
An appeal will not lie to the court of appcáls from an order of, general term modifying an interlocutory judgment in a specified manner and affirming it as modified.- The judgment entered on such-order remains simply an interlocutory judgment. Oí. of App., Weeks V. Cornwell, 21 Weekly Big. 208.
Where a demurrer to a complaint is overruled and judgment ordered by the special term of the supreme court, it is for that court to determine as to the relief to which the plaintiff is entitled; and upon appeal from the interlocutory judgment, the general term has the same power ; and if either party is dissatisfied, the remedy is by appeal from the final judgment; the form in which the court direct the interlocutory judgment to be entered is not matter for review in the. court of appeals. Smith v. Rathbun, 88 N. Y. 660.
Cross appeals were taken to the court of appeals, (1.) by the plaintiff from portions of an interlocutory judgment directing an accounting, (2.) by the defendant from an order denying a motion for a, new *361 ’trial on exceptions taken to the giving of certain instructions as to some of the items of the account, which were given upon the rendering of the judgment directing the accounting. The defendants appeal was entertained, but the plaintiff’s appeal was dismissed on the ground ■that an appeal to the court of appeals from an interlocutory judgment would not lie. Walker v. Spencer, 86 N. Y. 162.
Motion for new trial.] After the entry of an interlocutory judgment directing further proceedings before a referee or otherwise, a motion for a new trial, on a case and exceptions, may be made under -§ 268 of the Code of Procedure, without taking any appeal from .■such judgment. Bennett v. Austin, 10 Sun, 450. See also Offinger v. DeWolf, 40 Super. Ct. (J & S.) 446.
Reviewing order of reference on appeal from final judgment!] An •appeal to the general term from an order directing a reference must be taken within thirty days [Code Civ. Pro. § 1351] and a failure to •appeal until after two years is a waiver. Nor will such an order be reviewed on an appeal from the interlocutory judgment, etc., entered upon the report of the referee, on the ground that the order affects the judgment and is appealable under Code Civ. Pro. § 1316, for thac section only provides for reviewing an intermediate order when an. appeal has been taken from a final judgment. McCall v. Moschcowitz, 10 Civ. Pro. R. (Browne), 107.
Power to review interlocutory, upon appeal from final judgment.] "Upon an appeal from a final judgment, rendered upon an accounting, "the court may review the interlocutory judgment which prescribed the limit3 of the accounting, and may correct any error or mistake in the interlocutory judgment in this respect, if it is connected with and ■essential to the rendering of a proper final judgment in the case. [Citing Atkinson v. Manks, 1 Cow. 691; Le Guen v. Gouverneur, 1 Johns. Cas. 436, 499; Kane v. Whittick, 8 Wend. 219, 235; Bank of Orange v. Fink, 7 Paige, 87; Cowles v. Cowles, 9 How. Pr. 361; Humphrey v. Chamberlain, 11 N. Y. 274.] Harrington v. Libby, 6 Daly, 259.
— but not unless mentioned in the notice.] Interlocutory judgment will not be reviewed on appeal from final judgment, unless the notice -of appeal specifies the interlocutory judgment. Cameron v. Equitable Life Assur. Soc’y, 45 Super. Ct. (J. & S) 628.
Hence, judgment on failure to answer after the overruling of a demurrer' with leave to answer, was held not reviewable by appeal, the appellant not having specified an intention to review the interlocutory judgment in his notice of appeal. Ib.
An interlocutory judgment was entered determining the rights of parties to a fund, and a reference was ordered to ascertain the shares of those entitled to the fund and judgment was then entered on the *362 referee’s report, from which an appeal was taken. The notice of appeal1 did not specify an intention to review the interlocutory judgment. Held, that the interlocutory judgment was not open to review. Reese v. Smythe, 95 N. Y. 645.
Where a notice of appeal from a final judgment makes no reference-to an interlocutory judgment, theretofore entered in the action, such, interlocutory judgment, as to all the points covered by it, is to be taken, as the settled law of the case, and is not open to review upon appeal. Patterson r. McCunn, 38 Hun, 531.
— nor if already determined by default on appeal.] It was held in Wiener r. Morange, 7 Daly, 446, that after affirmance by default of intermediate orders, they must be deemed to have been reviewed by appeal, and could not again be reviewed upon an appeal from a final judgment.
In Hand v. Supervisors of Columbia, 31 Hun, 531, the head-note states that an appeal lies from an order overruling a demurrer, and the-language of the opinion gives color to the statement; but the statement of facts shows that an interlocutory judgment was entered and appealed' from ; and § 1349 of the Code relied on, allows an appeal to the general term from an interlocutory judgment.
In Welch «. Platt, 32 Hun, 194, an appeal from an order on demurrer was. heard by consent, as if an appeal from an interlocutory judgment.

 See the history of this case in 20 Abb. £T. O. 431.